1  Gregory G. Iskander, Bar No. 200215
   giskander@littler.com
2  Chad D. Greeson, Bar No. 251928
   cgreeson@littler.com
3  Nicholas Gioiello, Bar No. 318418
   ngioiello@littler.com
4  LITTLER MENDELSON, P.C.
   Treat Towers
5  1255 Treat Boulevard
   Suite 600
6  Walnut Creek, California  94597
   Telephone:    925.932.2468
7  Fax No.:       925.946.9809

8  Attorneys for Defendants
   THYSSENKRUPP SUPPLY CHAIN SERVICES NA,
9  INC. AND THYSSENKRUPP LOGISTICS, INC.

10                 UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12

13
   CHRISTINE TORRES-BOYD, Individually       Case No.
14 and on behalf of others similarly situated,
                                             [Alameda County Superior Court Case No.
15            Plaintiff,                      23CV029199]

16      v.                                   **JOINT NOTICE OF REMOVAL OF
                                             DEFENDANTS THYSSENKRUPP
17 THYSSENKRUPP SUPPLY CHAIN                 SUPPLY CHAIN SERVICES NA, INC
   SERVICES NA, INC., a Michigan             AND THYSSENKRUPP LOGISTICS,
18 Corporation; THYSSENKRUPP LOGISTICS,      INC.**
   INC., a Delaware Corporation; and DOES 1-20
19 inclusive,

20            Defendants.

21

22

23

24

25

26

27

28

LITTLER MENDELSON,
P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

JOINT NOTICE OF REMOVAL

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, TO PLAINTIFF CHRISTINE TORRES-BOYD, AND TO PLAINTIFF'S ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants thyssenkrupp Supply Chain Services NA, Inc. ("tk Supply Chain") and thyssenkrupp Logistics, Inc. ("tk Logistics") (together, "Defendants") hereby jointly remove the state court action described in this notice, filed by Plaintiff Christine Torres-Boyd on March 13, 2023 in the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446. Defendants make the following allegations in support of their Joint Notice of Removal ("Notice"):

## I.    STATEMENT OF JURISDICTION

1.      This Court has original jurisdiction over this putative class action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). The CAFA authorizes removal of such actions in accordance with United States Code, title 28, section 1446. As set forth below, this action meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

## II.    VENUE

2.      Plaintiff originally brought this action in the Superior Court of the State of California, County of Alameda. Therefore, venue properly lies in the Northern District of California pursuant to 28 U.S.C. sections 84(c)(2), 1391, 1441, and 1446.

## III.    PLEADINGS, PROCESS, AND ORDERS

3.      On March 13, 2023, Plaintiff filed a Complaint against Defendants and various DOES in Alameda County Superior Court, captioned *CHRISTINE TORRES-BOYD v. THYSSENKRUPP SUPPLY CHAIN SERVICES NA, INC., a Michigan Corporation;*

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

1                     JOINT NOTICE OF REMOVAL

*THYSSENKRUPP LOGISTICS, INC., a Delaware Corporation; and DOES 1-20 inclusive*, designated Case No. 23CV029199 ("Complaint"). [1] *See* Declaration of Greg Iskander ("Iskander Decl."), ¶ 2, Exhibit 1; *See* Exhibit A.

4.      On March 17, 2023, tk Supply Chain and tk Logistics were served with the Complaint along with copies of the Summons, Civil Case Cover Sheet, and requisite proofs of service. See Iskander Decl., ¶¶ 2-4, Exhibits 2-3, Exhibit 1; *See* Exhibit A.

5.      tk Supply Chain's and tk Logistics' Joint Answer to Plaintiff's Complaint was filed on April 12, 2023. See Iskander Decl., ¶ 5, Exhibit 4; *See* Exhibit B.

6.      All documents as reflected and downloaded from the Alameda County Superior Court Website, including the Notice of Case Assignment and Scheduling Information, as of April 14, 2023, are attached to the concurrently filed Iskander Declaration as Exhibit 4. *See* Iskander Decl. ¶ 6, Exhibit 5; *See* Exhibit C.

7.      To Defendants' knowledge, no further process, pleadings, or orders related to this case have been filed in the Alameda County Superior Court or served by any party other than as described above. To Defendants' knowledge, no proceedings related hereto have been heard in Alameda County Superior Court. *See* Iskander Decl. ¶ 7.

## IV.    TIMELINESS OF REMOVAL

8.      An action may be removed from state court by filing a notice of removal—together with a copy of all process, pleadings, and orders served on defendant—within thirty days of defendant receiving service of the initial pleading. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the thirty-day removal period runs from the service of the summons and complaint).

9.      Removal of this action is timely because this Notice has been filed within thirty days of March 17, 2023, the date Defendants were served with the Summons and Complaint. *See* 28 U.S.C. § 1446(b); Fed R. Civ. P. Rule 6(1)(c); Iskander Decl., ¶¶ 3-4, Exhibit 2. Because Plaintiff served the Summons and Complaint on Defendants on March 17, 2023, the thirty-day period for

---

[1] The Complaint asserts the following causes of action: (1) Recovery of Unpaid Minimum Wages; (2) Recovery of Unpaid Overtime Wages; (3) Failure to Provide Meal Periods; (4) Failure to Provide Rest Periods; (5) Failure to Provide Accurate Wage Statements; and (6) Unfair Competition.

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

2                    JOINT NOTICE OF REMOVAL

removal runs through April 17, 2023, by operation of Federal Rule of Civil Procedure, Rule 6 (extending time to "the next day that is not a Saturday, Sunday, or legal holiday"). As referenced above, this Notice also contains all process, pleadings, and orders that were served on Defendants and reflected on the Alameda Superior Court's website. *See* Exhibit A-C.

## V.  CAFA JURISDICTION

10.  CAFA grants United States district courts original jurisdiction over: (a) civil class action lawsuits filed under federal or state law; (b) where the alleged class is comprised of at least 100 individuals; (c) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (d) where the matter's amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this Notice.

### A.  Plaintiff Filed A Class Action Under State Law

11.  Plaintiff filed his action as a putative class action based on alleged violations of various California wage and hour laws. *See* Exhibit A.

### B.  The Proposed Class Contains At Least 100 Members

12.  Title 28 U.S.C. § 1332(d)(5)(B) states that the provisions of CAFA do not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100."

13.  Plaintiff seeks to represent a putative class consisting of: "[a]ll individuals employed by Defendants as a non-exempt employee, however titled, in the State of California during the period commencing on the date that is four years preceding the filing of this complaint." *See* Exhibit A, ¶ 18. Defendant is defined by Plaintiff as "Defendant THYSSENKRUPP SUPPLY CHAIN SERVICES NA, INC. [and] THYSSENKRUPP LOGISTICS, INC." *See* Exhibit A, 1:1-4.

14.  Simply focusing on tk Supply Chain and based on a review of tk Supply Chain's time and payroll records from March 13, 2019 to March 13, 2023, tk Supply Chain had employed at least 500 non-exempt employees in California. Declaration of Cheryl Dooley ("Dooley Decl."), ¶ 5.

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

3                    JOINT NOTICE OF REMOVAL

15.     tk Supply Chain's internal records demonstrate that there are more than 100 potential putative class members in this matter, as currently plead by Plaintiff.

### C.     Defendants Are Not Governmental Entities

16.     Under 28 U.S.C. § 1332(d)(5)(A), CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

17.     Defendants are not states, state officials, or other governmental entities exempt from CAFA. Defendants consist of two corporations. Dooley Decl., ¶ 6; Declaration of Katrina Hill ("Hill-Meadows Decl."), ¶ 5.

### D.     There Is Diversity Between At Least One Alleged Class Member And One Defendant

18.     Under CAFA, complete diversity is not required; 'minimal diversity' suffices." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).

19.     CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b). In a class action, only the citizenship of the named parties is considered for diversity purposes, and not the citizenship of the class members. *Snyder v. Harris*, 394 U.S. 332, 340 (1969). Additionally, for removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. *See Strotek Corp. v. Air Trans. Ass'n of Am.*, 300 F.3d 1129, 1130-1131 (9th Cir. 2002). Minimal diversity of citizenship exists here because Plaintiff and tk Supply Chain are citizens of different states.

20.     For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that person's domicile is the place he resides with the intention to remain). Furthermore, allegations of residency in a state court complaint create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

4                    JOINT NOTICE OF REMOVAL

presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (finding a place of residence provides "'prima facie' case of domicile").

21.     Plaintiff alleges she that she was "at all times relevant to this action, a resident of California employed by Defendants in California, including in Fremont, California and Lathrop, California." *See* Exhibit A, ¶ 13. Further, Plaintiff continues to be employed by Defendants.[2] *Id.* Residency is sufficient to establish citizenship of individuals for diversity purposes. *See Albrecht v. Lund,* 845 F.2d 193, 194-95 (9th Cir. 1988) (finding citizenship requirement satisfied where plaintiff's complaint contained allegations consistent with diversity and plaintiff failed to contest the petition for removal); *see also Anderson v. Watts*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary.").

22.     To determine a corporation's principal place of business, courts apply the "nerve center test," which deems the principal place of business to be the state where a corporation's officers "direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). In practice, the principal place of business is "where the corporation maintains its headquarters." *Id.* at 92-93. In other words, a party's principal place of business is where its officers direct, control, and coordinate its activities. *Id.*

23.     Defendant tk Supply Chain was incorporated in the State of Michigan on February 1, 2006, although under a different name. *See* Dooley Decl., ¶ 3. From approximately December 28, 2006 to January 31, 2018, tk Supply Chain's registered corporate name was "thyssenkrupp Industrial Services NA, Inc." ("tk Industrial Services"). *Id.* In 2018, tk Industrial Services changed its registered corporate name to "thyssenkrupp Supply Chain Service NA, Inc.", which remains in effect to the present date. *Id.*

24.     Defendant tk Supply Chain is located at 22355 West 11 Mile Road, Southfield, Michigan, 48033. *See* Dooley Decl. ¶ 4, and its corporate headquarters and principal executive

---

[2] tk Supply Chain's internal records for Plaintiff show her residence in Lathrop, California. Cheryl Dooley Decl., ¶ 7.

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

5                    JOINT NOTICE OF REMOVAL

offices are located at this address in Southfield, Michigan. *Id.* Additionally, tk Supply Chain makes the majority of its decisions about corporate policy and administration at this location including, but not limited to, decisions about human resources, operations, payroll, revenue, management, and policies and practices used by tk Supply Chain in the State of California. *Id.*

25.     Additionally, tk Logistics is not a citizen of California for purposes of determining whether the minimal diversity jurisdiction of CAFA is met. Declaration of Katrina Hills-Meadow ("Hill-Meadow") Decl., ¶ 3-4. tk Logistics is a citizen of Delaware. *Id.*

26.     The presence of DOE defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

27.     No other party has been named or served as of the date of this removal. Accordingly, the named Plaintiff is a citizen of a state (California) different from Defendant tk Supply Chain (Michigan) as well as Defendant tk Logistics. Therefore, sufficient diversity exists for the purposes of CAFA. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

**E.     The Amount In Controversy Exceeds $5,000,000[3]**

28.     This Court has jurisdiction under CAFA, which authorizes the removal of class actions in which, among the other factors mentioned above, the amount in controversy for all class members exceeds $5,000,000. 28 U.S.C. § 1332(d). "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount. 28 U.S.C. § 1332(d)(6).

29.     The amount in controversy is determined from the allegations or prayer of the complaint. *See St. Paul Mercury Idemn. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

30.     The removal statute requires a defendant seeking to remove a case to federal court to file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). In *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014), the Supreme

---

[3] The alleged damages calculations contained in this removal are for purposes of removal only. Defendants expressly deny that Plaintiff or any member of the putative class is entitled to any relief whatsoever, and Defendants expressly reserve the right to challenge Plaintiff's alleged damages or penalties at issue in this case.

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

6          JOINT NOTICE OF REMOVAL

1    Court recognized that "as specified in § 1446(a), a defendant's notice of removal need include only

2    a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* Only

3    if the plaintiff contests or the court questions the allegations of the notice of removal is supporting

4    evidence required. *Id.* at 554. "[T]he defendant's amount-in-controversy allegation should be

5    accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes

6    federal court diversity jurisdiction. *Id.* at 553.

7    　　　　31.　　For purposes of determining whether the amount in controversy has been satisfied,

8    the Court must presume that plaintiff will prevail on his claims. *Kenneth Rothschild Trust v.*

9    *Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor*

10   *Ins. Co*., 31 F.3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy analysis

11   presumes that "plaintiff prevails on liability.")). The ultimate inquiry is the amount that is put "in

12   controversy" by the allegations of a plaintiff's complaint, not what a defendant might actually owe.

13   *Rippee v. Boston Market Corp*., 408 F.Supp.2d 982, 986 (S.D. Cal. 2005); *accord Ibarra v.*

14   *Manheim Invs., Inc*., 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court

15   is persuaded the amount in controversy exceeds $5,000,000, defendants "are still free to challenge

16   the actual amount of damages in subsequent proceedings and at trial" because they are only

17   estimating the amount in controversy).

18   　　　　32.　　For purposes of establishing the amount in controversy at removal, Defendants need

19   not make Plaintiff's case for them, or prove the amount in controversy to a certainty. Rather,

20   Defendants can rely on "reasonable assumptions" and a "chain of reasoning that includes

21   assumptions" based on some reasonable "ground underlying them." *Arias v. Residence Inn by*

22   *Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (finding defendant may rely on assumptions in its chain

23   of reasoning, so long as they have "some reasonable ground underlying them.") (quotation and

24   citation omitted).

25   　　　　33.　　The Complaint does not identify a specific number of alleged damages. Plaintiff,

26   generally, seeks: (1) compensatory and liquidated damages for unpaid minimum wage; (2)

27   compensatory damages for unpaid overtime wages according to proof; (3) for compensatory

28   damages for unpaid premium wages for missed meal periods according to proof; (4) for

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

7                    JOINT NOTICE OF REMOVAL

compensatory damages for unpaid premium wages for missed rest periods according to proof; and (5) for compensatory damages and/or statutory penalties for inaccurate wage statements according to proof. *See* Exhibit A, Prayer for Relief.

34.    In addition, the Complaint alleges a cause of action for violation of the Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200 *et seq. See* Exhibit A, Sixth Cause of Action.

35.    Defendants are permitted to use reasonable assumptions to establish the amount in controversy. *Arias*, 936 F.3d at 925 (finding a removing defendant is permitted "to rely on a chain or reasoning that includes assumptions," and such assumptions are reasonable if founded on the allegations of the complaint).

36.    Defendants deny the validity and merit of the entirety of Plaintiff's alleged claims, the legal theories upon which they are ostensibly based, and the alleged claims for monetary and other relief that flow therefrom, including but not limited to, Plaintiff's allegation that the alleged claims are appropriate for class treatment. Defendants reserve all defenses to Plaintiff's claims. For purposes of removal only, however, and without conceding that Plaintiff or the putative class are entitled to any damages or penalties whatsoever, it is readily apparent that the aggregated claims of the putative class establish, by a preponderance of evidence, that the amount in controversy exceeds the jurisdictional minimum of $5,000,000.

37.    Defendants "may make mathematical calculations using reasonable averages of, for example, hourly, monthly, and annual incomes of comparable employees when assessing the amount-in-controversy." *Coleman v. Estes Express Lines, Inc.*, 730 F.Supp.2d 1141, 1148-49 (C.D. Cal. 2010).

38.    Plaintiff's Complaint was filed on March 13, 2023. Applying a four-year statute of limitations as alleged by Plaintiff, the statutory period begins on March 13, 2019. Based on a review of tk Supply Chain's records, between March 13, 2019 and March 13, 2023, tk Supply Chain employed at least 500 non-exempt employees, which, for the purposes of this Notice, accounts for

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

8                                     JOINT NOTICE OF REMOVAL

1    a sample set of at least 25,000 work weeks. Dooley Decl., ¶ 5[4].

2                            **1.    Meal Period and Rest Breaks**

3        39.    Plaintiff's Third and Fourth Causes of Action allege that: (1) "Plaintiff and the Class

4    Members regularly worked periods of more than five hours in a workday without being provided a

5    mandatory thirty-minute, duty-free meal period" [and] "Defendants also failed to pay Plaintiff and

6    the class members an additional hour of wages at their regular rate for each workday a meal period

7    was not provided;" and (2) "Defendant has routinely failed to provide the Class Members, including

8    Plaintiff, with rest periods during their work shifts, and has failed to compensate Class Members,

9    including Plaintiff, for those rest periods, as required by California Labor Code §226. 7 and other

10   applicable sections of the Employment Laws and Regulations." *See* Iskander Decl., Exhibit A, ¶¶

11   46-60.

12       40.    California law permits recovery of one additional hour of pay at the employee's

13   regular rate of compensation for each workday a meal period and/or rest break was not provided.

14   Cal. Lab. Code § 226.7. The statutory period for recovery for a Labor Code section 226.7 claim

15   pursued with a Business & Professions Code claim is four years. *See* Cal. Civ. Proc. Code § 338(a)

16   (setting out a three-year limitations period); Cal. Bus. & Prof. Code § 17208 (explaining the three-

17   year statute of limitations can be extended to four years through the pleading of a companion claim

18   under the UCL).

19       41.    Defendant tk Supply Chain had at least 500 non-exempt employees who worked,

20   for the purposes of this Notice, a sample set of at least 25,000 work weeks during the period

21   between March 13, 2019 and March 13, 2023. Dooley Decl., ¶ 5. In the Complaint, Plaintiff alleges

22   meal and rest break violations. *See* Iskander Decl., Exhibit 1, ¶¶ 46-60; *See* Exhibit A, ¶¶ 46-60.

23   Based on the allegations in the Complaint, Defendants assume three missed meal period and three

24   missed rest break per week for all tk Supply Chain employees that allegedly comprise the putative

25   class. *See Behrazfar v. Unisys Corp.*, 687 F.Supp.2d 999, 1004 (C.D. Cal. 2009) (when a

26   defendant's calculations are "relatively conservative, made in good faith, and based on evidence

---

[4] The estimated amount in controversy would increase by including all of tk Supply Chain's non-exempt employees in California. But, they are not required to be included because, as explained below herein, CAFA's $5 million threshold is easily satisfied by using only a sample set of tk Supply Chain's non-exempt employees.

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

whenever possible," the court should find that the "[d]efendant has established by a preponderance of the evidence that the amount in controversy exceeds $5,000,000."); *Oda v. Gucci Am., Inc.*, No. 2:14-CV-07469, 2015 WL 93335, at *5 (C.D. Cal. Jan. 7, 2015) (finding that a 50% violation rate for meal and rest period violations was reasonable despite allegations that employees only "sometimes" were denied meal or rest periods); *Sadler v. Ensignal, Inc.*, No. 1:17-cv-00312-AWI-SAB, 2017 WL 2333528, at *5 (E.D. Cal. May 26, 2017) (where case removed on diversity grounds, accepting defendant's assumption that violation occurred once per day where plaintiff alleged "that he systematically worked for a period of more than five hours in a workday without being provided a mandatory, duty-free lunch"). The amount in controversy for missed meals and rest breaks can be calculated by multiplying the number of work weeks by 6 hours of premium payments by the California minimum wage in 2019 at a rate of $12.00 per hour. Given the increases in California's minimum wage since 2019 and the fact that many tk Supply Chain employees earned more than the minimum wage, this conservatively places at least $**1,800,000** in controversy for Plaintiff's alleged missed meal and rest break claims (25,000 work weeks x 6 hours of premium payments x $12.00 per hour).

### 2.    Overtime Wages

42.    Plaintiff's Second Cause of Action alleges that Defendants: "Plaintiff and the Class Members regularly worked overtime hours Plaintiff and the Class Members regularly worked overtime hours for which they were not compensated by Defendants as required by California law." *See* Iskander Decl., Exhibit 1, ¶ 40; Exhibit A, ¶ 40.

43.    California law requires employers to pay employees for all time worked. In addition, California Labor Code section 510 requires that employers pay nonexempt employees one-and-one-half times their regular rate for all hours worked over eight in a day or 40 in a week. Additionally, non-exempt employees must be paid one-and-one-half times their regular rate for the first eight hours worked on the seventh day worked in a single workweek. Employers must also pay double time for all hours worked over 12 in a day, and for all hours worked in excess of eight on the seventh consecutive day of work in a single workweek. Cal. Lab. Code § 510(a).

44.    Defendant tk Supply Chain had at least 500 non-exempt employees during the

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

10                    JOINT NOTICE OF REMOVAL

period between March 13, 2019 and March 13, 2023. Dooley Decl., ¶ 5. The overtime rate of 1.5 multiplied by California's 2019 minimum wage rate of $12.00 per hour equals $18. That amount times the number of work weeks at issue places an amount in controversy of **$1,350,000** (25,000 workweeks x 3 hours per week x $18 per hours), based on the same conservative estimates regarding the hourly pay rate (i.e., many tk Supply Chain employees earned more than the minimum wage). *See Torrez v. Freedom Mortg. Corp.*, No. EDCV 17- 867 JGB (KKx), 2017 WL 2713400, *3 (C.D. Cal. Jun. 22, 2017) (finding assumption rate of three hours of overtime per week was reasonable where complaint allegations where defendant's assumptions were based on the allegations in the complaint that defendant "engaged in a pattern and practice" of wage abuse); *Stanley v. Distribution Alts., Inc.,* No. EDCV 17-2173 AG (KKx), 2017 WL 6209822, at *2- 3 (C.D. Cal. Dec. 6, 2017) (finding that pleading "pattern and practice" supports assumption of two hours of overtime per week); *Herrera v. Carmax Auto Superstores California, LLC,* EDCV-14- 776-MWF (VBKx), 2014 WL 12586254, at *6 (C.D. Cal. Jun. 12, 2014) ("Defendant cannot be expected to produce evidence of how often overtime violations may occur. Defendant must be entitled to monetize this claim with a reasonable and conservative estimate.").

### 3.    Wage Statements

45.    Plaintiff's Fifth Cause of Action alleges: "Defendants knowingly and intentionally failed to provide Plaintiff and the class members with proper, itemized wage statements by, inter alia, failing to fully and accurately report, inter alia, gross wages earned, total hours worked, net wages earned, and all applicable hourly rates in effect during the pay period and all hours worked at each rate." *See* Iskander Decl., Exhibit 1, ¶ 61-63; Exhibit A, ¶ 61-63. Further, "Plaintiff and the Class Members each are entitled to statutory penalties in the amount of $50.00 for the initial pay period in which a violation occurred, and $100.00 for each subsequent pay period in which a violation occurred, up to an aggregate penalty of $4,000.00 per employee, plus attorney's fees and costs, all in an amount to be proved at trial." *Id.*

46.    Labor Code section 266(e) provides for a statutory penalty for violations of Labor Code section 226(a)'s wage statement requirements of $50 or actual damages per employee for the initial pay period in which a subsequent violation occurs, and $100 per employee for each violation

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

11                    JOINT NOTICE OF REMOVAL

in a subsequent pay period, not exceeding an aggregate amount of $4,000 per employee. Cal. Lab. Code § 226(a). The statutory period for Labor Code section 226(e) penalties is one year. Cal. Code Civ. Proc. § 340.

47.     Defendants deny the validity and merit of Plaintiff's wage statement claim. For purposes of removal only, assuming the 500 employees worked at least 40 weeks between March 13, 2019 and March 13, 2023, the employees would be entitled to the statutory limit of $4,000, which provides an amount in controversy of $**2,000,000** (500 employees with 40 or more works weeks x $4,000). Thus, with the claims discussed above, the required amount in controversy threshold is met and exceeded, without any other considerations, which includes Plaintiff's other causes of actions.

### 4.     Attorney's Fees

48.     Plaintiff also seeks attorneys' fees and costs in his complaint. Iskander Decl., Exhibit 1, Prayer for Relief; ¶¶ 37, 45, 63, and 66; Exhibit A, Prayer for Relief; ¶¶ 37, 45, 63, and 66. Thus, the Court must consider attorneys' fees in determining whether the amount in controversy is met as it is well-settled that claims for statutory attorneys' fees are to be included in the amount in controversy. *See, e.g., Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), cert. denied, 127 S.Ct. 157 (2006); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

49.     In California, it is not uncommon for an attorneys' fee award to be 25 to 33 percent of a settlement or judgment. *See, e.g., McGuigan v. City of San Diego*, 183 Cal.App.4th 610, 638 (2010) (noting attorneys' fees paid in settlement of $1.6 million); *Vasquez v. California*, 45 Cal.4th 243, 249 (2008) (noting award of $435,000 in attorneys' fees for class claims involving failure to pay wages, liquidated damages, penalties, and waiting time penalties); *Amaral v. Cintas Corp.* No. 2, 163 Cal.App.4th 1157, 1216-1218 (2008) (affirming award of $727,000 in attorneys' fees plus a multiplier that equated to total fees of $1,199,550 in class case involving violations of a living wage ordinance, the California Labor Code, as well as unfair competition and contract claims); *see also Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F.Supp.2d 942, 972 (E.D. Tex. 2000) ("Empirical studies

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

12                    JOINT NOTICE OF REMOVAL

1  show that, regardless of whether the percentage method or the lodestar method is used, fee awards

2  in class actions average around one-third of the recovery.")

3       50.     The attorneys' fees benchmark in the Ninth Circuit is 25 percent. *Paul, Johnson,*

4  *Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court

5  has concluded that the 'bench mark' percentage for the fee award should be 25 percent."); *Lo v.*

6  *Oxnard Euro. Motors, LLC*, 2012 WL 1932283, at *3 (S.D. Cal. May 29, 2012) ("The Ninth Circuit

7  has accepted as a benchmark for an attorneys' fees awards a twenty-five percent of the common

8  fund recovery.")

9       51.     Twenty-five percent of the total the total amount outlined above is $1,287,500

10  ($5,150,000 * 25% = $1,287,500). Accordingly, the total estimated amount in controversy, utilizing

11  only a sample set of tk Supply Chain's non-exempt employees during the relevant time period,

12  including estimated attorney's fees, is $6,437,500 ($5,150,000+$1,287,500).

13  **VI.    SUMMARY AND CONCLUSION**

14       52.     As explained above, removal of this action is proper, as the aggregate value of

15  Plaintiff's causes of action[5] for unpaid overtime, meal period premiums, rest break premiums, and

16  attorneys' fees are well in excess of the CAFA jurisdictional requirement of $5 million. *See* 28

17  U.S.C. § 1332(d)(2):

| Plaintiff's Alleged Claims | Amount In Controversy |
|---|---|
| Meal Periods (3 Per Week Per Employee) | $900,000 |
| Rest Breaks (3 Per Week Per Employee) | $900,000 |
| Overtime (3 Hours Per Week) | $1,350,000 |
| Wage Statements ($4,000 for 500 employees) | $2,000,000 |
| Total Amount In Controversy | **$5,150,000** |

24       53.     Accordingly, although Defendant denies Plaintiff's claims as alleged in the

25  Complaint, the jurisdictional minimum is satisfied for purposes of determining the amount in

---

[5] Plaintiff has alleged several other causes of action not discussed herein, which would only increase the potential damages calculated herein to satisfy CAFA.

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

13                    JOINT NOTICE OF REMOVAL

controversy, as it exceeds the $5,000,000 threshold required under CAFA, without including attorney's fees.

WHERFORE, Defendants jointly remove this action from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California.

Dated: April 14, 2023

LITTLER MENDELSON, P.C.

Gregory G. Iskander
Chad D. Greeson
Nicholas Gioiello

Attorneys for Defendants
THYSSENKRUPP SUPPLY CHAIN
SERVICES NA, INC. AND
THYSSENKRUPP LOGISTICS, INC.

4882-3758-5245.1 / 078056-1159

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

14                    JOINT NOTICE OF REMOVAL

EXHIBIT A



**null / ALL**
**Transmittal Number: 26584704**
**Date Processed: 03/20/2023**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Brian Bastien<br>ThyssenKrupp Materials NA, Inc.<br>22355 West Eleven Mile Road<br>Southfield, MI 48034 |
| **Electronic copy provided to:** | Kasia Dygas<br>Elizabeth Alberico<br>Tracy Bulow<br>Rachel Morris<br>Aneta Chioini |

| | |
|---|---|
| **Entity:** | thyssenkrupp Supply Chain Services NA, Inc.<br>Entity ID Number  2678586 |
| **Entity Served:** | Thyssenkrupp Supply Chain Services NA, Inc. |
| **Title of Action:** | Christine Torres-Boyd vs. Thyssenkrupp Supply Chain Services NA, Inc. |
| **Matter Name/ID:** | Christine Torres-Boyd vs. Thyssenkrupp Supply Chain Services NA, Inc.<br>(13804986) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Alameda County Superior Court, CA |
| **Case/Reference No:** | 23CV029199 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 03/17/2023 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Makarem & Associates, APLC<br>310-312-0299 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



**Notice of Service of Process**

null / ALL
Transmittal Number: 26584676
Date Processed: 03/20/2023

| | |
|---|---|
| **Primary Contact:** | Brian Bastien<br>ThyssenKrupp Materials NA, Inc.<br>22355 West Eleven Mile Road<br>Southfield, MI 48034 |
| **Electronic copy provided to:** | Elizabeth Alberico<br>Aneta Chioini<br>Kasia Dygas<br>Tracy Bulow<br>Rachel Morris |

| | |
|---|---|
| **Entity:** | thyssenkrupp Logistics, Inc.<br>Entity ID Number 1746791 |
| **Entity Served:** | Thyssenkrupp Logistics, Inc. |
| **Title of Action:** | Christine Torres-Boyd vs. Thyssenkrupp Supply Chain Services NA, Inc. |
| **Matter Name/ID:** | Christine Torres-Boyd vs. Thyssenkrupp Supply Chain Services NA, Inc. (13804986) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Alameda County Superior Court, CA |
| **Case/Reference No:** | 23CV029199 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 03/17/2023 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Makarem & Associates APLC<br>310-312-0299 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THYSSENKRUPP SUPPLY CHAIN SERVICES NA, INC., a Michigan Corporation;
Additional Parties Attachment form is attached

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CHRISTINE TORRES-BOYD, individually, and on behalf of all others similarly situated,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
**03/13/2023**
Chad Finke, Executive Officer / Clerk of the Court
By: ___X. Bowie___ Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* René C. Davidson Courthouse-Alameda 1225 Fallon Street Oakland, CA 94612 | CASE NUMBER: *(Número del Caso):* **23CV029199** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Daniel J. Bass, Esq.-Makarem & Associates 11601 Wilshire Boulevard, Suite 2440 Los Angeles, California 90025; (310) 312-0299

| DATE: *(Fecha)* 03/13/2023 | Chad Finke, Executive Officer / Clerk of the Court | Clerk, by *(Secretario)* ___X. Bowie___ | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Thyssenkrupp Supply Chain Services NA, Inc., a Michigan Corporation

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

**Page 1 of 1**

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 *www.courts.ca.gov* |
|---|---|---|

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]  [ Save this form ]  

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| TORRES-BOYD v. THYSSENKRUPP SUPPLY CHAIN SERVICES, etc. et al. | |

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

[ ] Plaintiff    [x] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

THYSSENKRUPP LOGISTICS, INC., a Delaware Corporation; and DOES 1-20, inclusive,

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

[ Print this form ]  [ Save this form ]    [ Clear this form ]

1   **MAKAREM & ASSOCIATES** APLC
    Ronald W. Makarem, Esq. (SB#180442)
2   Daniel J. Bass, Esq.  (SB # 287466)
    11601 Wilshire Boulevard, Suite 2440
3   Los Angeles, California 90025-1760
    Phone: (310) 312-0299; Fax: (310) 312-0296
4
    Attorneys for Plaintiffs CHRISTINE TORRES-BOYD
5

6

7

8                    **SUPERIOR COURT OF CALIFORNIA**

9                    **FOR THE COUNTY OF ALAMEDA**

10

11  CHRISTINE TORRES-BOYD, individually, and    CASE NO.  23CV029199
    on behalf of all others similarly situated,
12
            Plaintiff,                           **CLASS ACTION COMPLAINT for:**
13
    vs.                                          1.  **Recovery of Unpaid Minimum Wages**
14                                               2.  **Recovery of Unpaid Overtime Wages**
                                                 3.  **Failure to Provide Meal Periods**
15  THYSSENKRUPP SUPPLY CHAIN SERVICES           4.  **Failure to Provide Rest Periods**
    NA, INC., a Michigan Corporation;            5.  **Failure to Provide Accurate Wage**
16  THYSSENKRUPP LOGISTICS, INC., a Delaware     **Statements**
    Corporation; and DOES 1-20, inclusive,       6.  **Unfair Competition**
17
                                                 **DEMAND FOR JURY TRIAL**
18          Defendants.

19

20

26

22

23

24

25

26

27

28

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
03/13/2023 at 10:12:24 AM
By: Xian-xii Bowie,
Deputy Clerk

1    COMES NOW Plaintiff CHRISTINE TORRES-BOYD ("Plaintiff"), individually and behalf

2    of all others similarly situated, and asserts claims against Defendants THYSSENKRUPP SUPPLY

3    CHAIN SERVICES NA, INC.; THYSSENKRUPP LOGISTICS, INC.; and Does 1-20, inclusive

4    (collectively, "Defendants") as follows:

5    **I.    INTRODUCTION**

6    1.    This is a proposed class action for recovery of damages, statutory penalties, and

7    restitution, and to address employers' violations of California's wage and hour laws.

8    2.    In this case, Defendants violated various provisions of the California Labor Code and

9    IWC Wage Orders. As set forth below, Defendants implemented policies and practices that led to

10    wage and hour violations resulting from Defendants': (a) failure to accurately pay all wages due,

11    including minimum and overtime wages; (b) failure to provide compliant meal periods and failure

12    to pay an additional hour of pay in lieu of providing compliant meal periods; (c) failure to provide

13    accurate itemized wage statements; and (d) failure to pay all wages earned and owed upon separation

14    from Defendants' employ. As a result, Plaintiff seeks damages, statutory penalties, and restitution

15    on behalf of herself and all other similarly situated individuals.

16    **II.    JURISDICTION AND VENUE**

17    3.    The California Superior Court has jurisdiction over this action pursuant to

18    California Constitution Article VI, Section 10, which grants the Superior Court "original

19    jurisdiction in all cases except those given by statute to other trial courts." The statutes under which

20    this action is brought do not give jurisdiction to any other court.

26    4.    This Court has jurisdiction over Defendants because, upon information and belief,

22    each Defendant either has sufficient minimum contacts in California, or otherwise intentionally

23    avails itself of the California market so as to render the exercise of jurisdiction over it by the

24    California Courts consistent with traditional notions of fair play and substantial justice.

25    5.    Venue as to each Defendant is proper in this judicial district pursuant to Code of Civil

26    Procedure sections 395 and 395.5. Defendants are operating and doing business in California and

27    Alameda County, and each Defendant is within the jurisdiction of this Court for service of process

28

1   purposes. The unlawful acts alleged herein have a direct effect on Plaintiff and all other Class

2   Members within Alameda County and elsewhere in California.

3       6.      On information and belief, Defendants have conducted business within the State of

4   California during the purported class period and continue to conduct business in the State of

5   California. The unlawful acts alleged herein have had a direct effect on Plaintiff, and the similarly

6   situated non-exempt Class Members within the State of California, including within the County of

7   Alameda.

8       7.      The California Superior Court also has jurisdiction in this matter because on

9   information and belief there are no federal questions at issue, as the issues herein are based solely on

10  California statutes and law, including the California Labor Code, the IWC Wage Orders, the

11  California Code of Civil Procedure, the California Civil Code, and the California Business and

12  Professions Code.

13      8.      On information and belief, during the statutory class period and continuing to the

14  present, Defendants consistently maintained and enforced against Defendants' non-exempt

15  employees, among others, the following unlawful practices and policies, in violation of California

16  state wage and hour laws (a) failure to accurately pay all wages due, including minimum and

17  overtime wages (b) failure to provide compliant meal periods and failure to pay an additional hour

18  of pay in lieu of providing compliant meal periods; (c) failure to provide compliant rest periods and

19  failure to pay an additional hour of pay in lieu of providing compliant rest periods; and (d) failure to

20  provide accurate itemized wage statements.

26      9.      On information and belief, during the statutory class period and continuing to the

22  present, Defendants have had a consistent policy of failing to pay minimum wages and overtime

23  wages for hours worked while subject to the control of Defendants.

24      10.     On information and belief, during the statutory class period and continuing to the

25  present, Defendants have had a consistent policy of failing to provide certain non-exempt employees

26  within the State of California, including Plaintiff CHRISTINE TORRES-BOYD, unfettered,

27  uninterrupted, duty free meal periods of at least (30) minutes per five hours worked and failing to

28  pay such employees one (1) hour of pay at the regular rate of compensation for each workday a meal

1    period was untimely, interrupted and/or not provided, as required by California state wage and hour

2    laws.

3        11.    On information and belief, during the statutory class period and continuing to the

4    present, Defendants have had a consistent policy of failing to provide certain non-exempt employees

5    within the State of California, including Plaintiff CHRISTINE TORRES-BOYD, unfettered,

6    uninterrupted, duty free rest periods of at least (10) minutes per four hours worked and failing to pay

7    such employees one (1) hour of pay at the regular rate of compensation for each workday a rest

8    period was untimely, interrupted and/or not provided, as required by California state wage and hour

9    laws.

10        12.    On information and belief, during the statutory class period and continuing to the

11    present, Defendants have had a consistent policy of failing to provide accurate itemized wage

12    statements.

13                         **III.    PARTIES**

14    **A.    Plaintiff**

15        13.    Plaintiff CHRISTINE TORRES-BOYD was, at all times relevant to this action, a

16    resident of California employed by Defendants in California, including in Fremont, California and

17    Lathrop, California. Plaintiff CHRISTINE TORRES-BOYD was employed by Defendants as a non-

18    exempt employee from approximately April 2019 to the present.

19        14.    While employed with Defendants, Plaintiff and other similarly situated non-exempt

20    employees were regularly required to and subsequently suffered:

26            (a)    to perform work subject to the control of the employer without being

22                compensated at least minimum wages and/or overtime wages, all in violation

23                of California labor laws, regulations, and the Industrial Welfare Commission

24                Wage Order ("IWC");

25            (b)    to work in excess of five hours per day without being provided meal periods

26                and not compensated one (1) hour of pay at the regular rate of compensation

27                for each workday that a meal period was not provided, all in violation of

28

California labor laws, regulations, and the Industrial Welfare Commission Wage Orders ("IWC");

    (c)    to work in excess of four hours per day without being provided rest periods and not compensated one (1) hour of pay at the regular rate of compensation for each workday that a rest period was not provided, all in violation of California labor laws, regulations, and the Industrial Welfare Commission Wage Orders ("IWC"); and

    (d)    not being provided accurate itemized wage statements.

**B.**    **Defendants**

14.    Based on information and belief, defendant THYSSENKRUPP SUPPLY CHAIN SERVICES NA, INC. is a Michigan corporation that provides logistics and supply chain services throughout California, including in Alameda County, and is registered with the California Secretary of State to do business within the state, but has not designated a principal office within California.

15.    Based on information and belief, defendant THYSSENKRUPP LOGISTICS, INC, is a Delaware Corporation that provides logistics and supply chain services throughout California, including in Alameda County, and is registered with the California Secretary of State to do business within the state, but has not designated a principal office within California.

16.    Other than identified herein, Plaintiff is unaware of the true names, capacities, relationships and extent of participation in the conduct alleged herein, of the defendants sued as DOES 1 through 20, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names.  Plaintiff will amend this complaint when their true names and capabilities are ascertained.

17.    Plaintiff is informed and believes and thereon alleges that each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and other similarly situated individuals, and exercised control over their wages, hours, and working conditions. Plaintiff is informed and believes and thereon alleges that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all

respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.

## IV.    CLASS ACTION ALLEGATIONS

18.    Plaintiff seeks to bring this action as a class action under Code of Civil Procedure section 382. The class Plaintiff seeks to represent is defined as follows: "All individuals employed by Defendants as a non-exempt employee, however titled, in the State of California during the period commencing on the date that is four years preceding the filing of this complaint."

19.    Ascertainable Class. The proposed class and subclass are ascertainable as their members can be identified and located using information in Defendants' payroll and personnel records.

20.    Common Questions of Law and Fact. This lawsuit is suitable for class treatment because common questions of law and fact predominate over individual issues. Common questions include, but are not limited to, the following: (1) whether Defendants properly calculated and paid all amounts due to the Class Members for wages earned, including minimum and overtime wages, under California law, (2) whether Defendants violated the California Labor Code and/or IWC Wage Orders by withholding wages, including minimum and overtime wages, from the Class Members, (3) whether Defendants violated the California Labor Code and/or IWC Wage Orders by failing to provide the Class Members with all required meal periods on a fully compliant basis; (4) whether Defendants violated the California Labor Code and/or IWC Wage Orders by failing to provide the Class Members with all required rest periods on a fully compliant basis; (5) whether Defendants provided the Class Members with proper, itemized wage statements; (6) whether Defendant violated California Business and Professions Code sections 17200, et seq.

21.    Numerosity. The plaintiff class is so numerous that the individual joinder of all members is impractical under the circumstances of this case. While the exact number of class members is unknown to Plaintiff, Plaintiff is informed and believes the class consists of at least 100 individuals.

22.    Typicality. Plaintiff's claims are typical of the claims of the class and subclass members. Plaintiff suffered a similar injury as the other class members as a result of Defendants'

1  common practices regarding the calculation and payment of wages, including minimum and overtime

2  wages, provision of meal breaks and rest breaks and/or compensation in lieu thereof, and provision

3  of wage statements. In addition, Plaintiff will fairly and adequately protect the interests of the class

4  members. Plaintiff has no interests adverse to the interests of the other class members.

5      23.    Superiority.  A class action is superior to other available means for the fair and

6  efficient adjudication of this controversy since individual joinder of all members of the class is

7  impractical. Class action treatment will permit a large number of similarly situated persons to

8  prosecute their common claims in a single forum simultaneously, efficiently, and without the

9  unnecessary duplication of effort and expense that numerous individual actions would engender.

10 Furthermore, as the damages suffered by each individual member of the class may be relatively small,

11 the expenses and burden of individual litigation would make it difficult or impossible for individual

12 members of the class to redress the wrongs done to them, while an important public interest will be

13 served by addressing the matter as a class action. The cost to the court system of adjudication of such

14 individualized litigation would be substantial. Individualized litigation would also present the

15 potential for inconsistent or contradictory judgments. Finally, the alternative of filing a claim with

16 the California Labor Commissioner is not superior, given the lack of discovery in such proceedings,

17 the fact that there are fewer available remedies, and the losing party has the right to a trial de novo in

18 the Superior Court.

19          **V.    GENERAL ALLEGATIONS**

20     24.    Plaintiff is informed and believes, and based thereon alleges, that Defendants jointly

26 employ or employed Plaintiff and the Class Members in Alameda County and other locations in

22 California during the class period. Plaintiff and Class Members were compensated based upon an

23 hourly rate and have at all relevant times been non-exempt within the meaning of the California

24 Labor Code and the implementing rules and regulations of the IWC Wage Orders.

25     25.    Defendants, at all relevant times, maintained significant control over Plaintiff and the

26 Class Members, and over their working conditions. The workload for Plaintiff and each Class

27 Member was structured by Defendants, and Plaintiff and the Class Members had no control over

28 what they were tasked to do each day.

26.     The work performed by Plaintiff and the CLASS MEMBERS required no specialized skill and is part of the regular business of Defendants.

27.     Plaintiff is informed and believes that he and the Class Members were not compensated for all time worked as Defendants would regularly suffer and permit Plaintiff and Class Members to work off the clock, but Plaintiff and Class Members were not compensated for hours worked off the clock. For example, Defendants required Plaintiff and other Class Members to record a lunch break occurring even if Plaintiff or other Class Members continued to work through that break. Plaintiff and other Class Members would then actually take their lunch break at another time, when there was no work to perform, but while under the Defendants' control. As a result, Defendant failed to pay Plaintiff and the Class Members for all hours worked at a rate no less than the applicable minimum or overtime wage.

28.     Plaintiff is informed and believes that Plaintiff and the Class Members were caused to endure unprovided, untimely, shortened and/or interrupted meal periods of at least thirty (30) minutes for many of the work days such employees worked more than five hours (5) hours, and were not paid one (1) hour of premium wages as the regular rate of compensation in lieu thereof, all in violation of the California Labor Code. Plaintiff and the Class Members were required to take shortened meal periods or missed meal periods completely because, among other things, the volume of work they were required to perform each shift frequently did not leave sufficient time to take a fully-compliant meal period. Accordingly, Plaintiff and the Class Members were not provided lawful meal periods and were not provided with one hour of wages in lieu thereof under Defendants' policies and practices.

29.     Upon information and belief, Defendants failed to provide accurate itemized wage statements to Plaintiff and the Class Members as the wage statements provided failed to accurately account for, inter alia, gross wages earned, total hours worked, and net wages earned.

30.     Upon information and belief, Defendants knew and or should have known that it is improper to implement policies and commit unlawful acts such as:

(a)     requiring employees to perform work subject to the control of the Defendants without being compensated at least minimum wages, or overtime wages for overtime hours worked;

(b)     requiring employees to work in excess of five (5) hours or ten (10) hours per day without being provided an uninterrupted thirty- minute meal period and/or a second meal period, and without compensating employees with one (1) hour of pay at the regular rate of compensation for each workday that such a meal period was not provided

(c)     requiring employees to work in excess of four hours per day without being provided rest periods and not compensated one (1) hour of pay at the regular rate of compensation for each workday that a rest period was not provided, all in violation of California labor laws, regulations, and the Industrial Welfare Commission Wage Orders ("IWC");

31.     In addition to the violations above, and on information and belief, Defendants knew they had a duty to compensate Plaintiff and Class Members for the allegations asserted herein, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so.

## FIRST CAUSE OF ACTION

(Recovery of Unpaid Minimum Wages – Labor Code §§ 1194 and 1194.2)

32.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 31.

33.     At all relevant times, Plaintiff and other Class Members were employees covered by Labor Code section 1194 and the applicable Industrial Wage Order.

34.     Pursuant to Labor Code section 1194 and the applicable Industrial Wage Order, Plaintiffs and Class Members were entitled to minimum wage for all hours worked.

35.     Plaintiff is informed and believes and thereon allege that at all relevant times within the applicable Class Period, Defendant failed to pay Plaintiff and Class Members their earned wages for all hours worked in accordance with Labor Code section 1194 and the applicable Industrial Wage

Order. For example, Plaintiff is informed and believes and thereon alleges that she, along with other Class Members, would frequently be scheduled for shifts of a specified length, yet would be required to work in excess of that specified length shift.

36.     As a result of Defendant's unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent that they were not paid for all hours worked.

37.     Pursuant to Labor Code section 1194, Plaintiff and Class Members are entitled to recover the full amount of their unpaid wages, prejudgment interest, reasonable attorney's fees and costs of suit.

38.     Pursuant to Labor Code section 1194.2 provides, Plaintiff and Class Members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## SECOND CAUSE OF ACTION

### (Recovery of Unpaid Overtime Wages – Labor Code §§ 510 and 1194)

39.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 38.

40.     As alleged herein, Plaintiff and the Class Members regularly worked overtime hours for which they were not compensated by Defendants as required by California law. These policies of Defendants resulted in an overall loss of compensable overtime hours worked and underpayment of overtime wages.

41.     At all relevant times, Plaintiff and other Class Members were employees covered by Labor Code sections 510, 1194. and the applicable Industrial Wage Order.

42.     Pursuant to Labor Code sections, 510, 1194, and the applicable Industrial Wage Order, Plaintiff and Class Members were entitled to overtime wages payable at the rate of at least one and one-half times their regular rate of pay for all overtime hours worked and payable at the rate of at least twice the regular rate of pay for all double-time hours worked.

43.     Defendant failed to pay Plaintiff and Class Members their earned wages for all overtime hours worked in accordance with Labor Code sections 510, 1194, and the applicable

1    Industrial Wage Order. Plaintiff is informed and believes and thereon allege that at all relevant times

2    within the applicable Class Period, Defendant failed to pay Plaintiffs and Class Members for all

3    overtime worked.

4         44.    As a result of Defendant's unlawful conduct, Plaintiff and Class Members have

5    suffered damages in an amount, subject to proof, to the extent that they were not paid for all overtime

6    hours worked.

7         45.    Pursuant to Labor Code section 1194, Plaintiff and Class Members are entitled to

8    recover the full amount of their unpaid overtime wages, prejudgment interest, reasonable attorney's

9    fees and costs of suit.

10                          **THIRD CAUSE OF ACTION**

11   (Failure to Provide Meal Periods or Compensation in Lieu Thereof -- Labor Code §§ 512 and 226.7)

12        46.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through

13   45.

14        47.    As alleged herein, Plaintiff and the Class Members regularly worked periods of

15   more than five hours in a workday without being provided a mandatory thirty-minute, duty-free

16   meal period. Defendants also failed to pay Plaintiff and the class members an additional hour of

17   wages at their regular rate for each workday a meal period was not provided.

18        48.    At all relevant times, Plaintiff and Class Members were employees covered by Labor

19   Code Sections 226.7 and 512, and the applicable Industrial Wage Order.

20        49.    Labor Code §§ 226.7 and 512 and the applicable Industrial Wage Order provide that

26   no employer shall employ any person for a work period of more than five (5) hours without a meal

22   period of not less than 30 minutes. A first meal period is required no later than the end of an

23   employee's fifth hour of work, and a second meal period no later than the end of an employee's tenth

24   hour of work.

25        50.    Labor Code § 226. 7 and the applicable Industrial Wage Order provide that if an

26   employer fails to provide an employee a meal period in accordance with this section, the employer

27   shall pay the employee one ( 1) hour of pay at the employee's regular rate of compensation for each

28   five (5) hours of work that the meal period is not provided.

51.     During the Class Period, Defendant routinely failed to provide Class Members, including Plaintiff, with meal periods during their work shifts and/or provide these meal breaks prior to the employees' fifth hour worked. Defendant failed to compensate Class Members, including Plaintiff, for these meal periods, as required by California Labor Code §226. 7 and other applicable sections of the Employment Laws and Regulations.

52.     No Class Members, including Plaintiff, are exempt from the meal period requirements of the Employment Laws and Regulations.

53.     As a result of Defendant's unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay for meal period violations.

## FOURTH CAUSE OF ACTION

(Failure to Provide Rest Periods or Compensation in Lieu Thereof -- Labor Code §§ 512 and 226.7)

54.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 53.

55.     At all relevant times, Plaintiff and Class Members were employees covered by Labor Code Sections 226. 7 and 512, and the applicable Industrial Wage Order.

56.     Labor Code§§ 226.7 and 512 and the applicable Industrial Wage Order provide that employers shall authorize and permit employees to take rest periods at the rate often (10) minutes net rest time per four (4) hours of work.

57.     Labor Code§ 226.7 and the applicable Industrial Wage Order further provide§ that if an employer fails to provide an employee rest periods in accordance with this law, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not authorized and permitted.

58.     During the Class Period, Defendant has routinely failed to provide the Class Members, including Plaintiff, with rest periods during their work shifts, and has failed to compensate Class Members, including Plaintiff, for those rest periods, as required by California Labor Code §226. 7 and other applicable sections of the Employment Laws and Regulations.

59.     No Class Members, including Plaintiff, are exempt from the rest period requirements of the Employment Laws and Regulations.

60.     As a result of Defendant's unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay for rest period violations.

## FIFTH CAUSE OF ACTION

(Failure to Provide Accurate Wage Statements – Labor Code § 226)

61.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 60.

62.     As alleged herein, Defendants knowingly and intentionally failed to provide Plaintiff and the class members with proper, itemized wage statements by, inter alia, failing to fully and accurately report, inter alia, gross wages earned, total hours worked, net wages earned, and all applicable hourly rates in effect during the pay period and all hours worked at each rate.

63.     Accordingly, under Labor Code § 226, Plaintiff and the Class Members each are entitled to statutory penalties in the amount of $50.00 for the initial pay period in which a violation occurred, and $100.00 for each subsequent pay period in which a violation occurred, up to an aggregate penalty of $4,000.00 per employee, plus attorney's fees and costs, all in an amount to be proved at trial.

## SIXTH CAUSE OF ACTION

(Violation of Unfair Competition Law – Bus. & Prof. Code §§ 17200, et seq.)

64.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 63.

65.     As alleged herein, Defendants' failure to, inter alia, pay all wages earned, including minimum and overtime wages, and failure to pay premium wages in lieu of missed or non-compliant meal periods, all in violation of the Labor Code and Wage Orders, constitutes an unlawful, unfair or fraudulent business act or practice, in violation of Business & Professions Code §§ 17200, et seq.

Printed on recycled paper                    - 13 -

66. Pursuant to Business & Professions Code § 17203, Plaintiff and the Class Members are entitled to restitution of all unpaid wages and other sums owed, plus attorney's fees and costs, in an amount to be proved at trial.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

a)    **Class Certification**

    i)    For an order certifying the case as a class action;

    ii)    For an order that Plaintiff be certified as the class representative; and

    iii)    For an order that Plaintiff's counsel be certified as class counsel.

b)    **On the First Cause of Action**

    i)    For compensatory and liquidated damages for unpaid minimum wages according to proof; and

    ii)    For prejudgment interest as permitted by law.

c)    **On the Second Cause of Action**

    i)    For compensatory damages for unpaid overtime wages according to proof; and

    ii)    For prejudgment interest as permitted by law.

d)    **On the Third Cause of Action**

    i)    For compensatory damages for unpaid premium wages for missed meal periods according to proof; and

    ii)    For prejudgment interest as permitted by law.

e)    **On the Fourth Cause of Action**

    i)    For compensatory damages for unpaid premium wages for missed rest periods according to proof; and

    ii)    For prejudgment interest as permitted by law.

f)    **On the Fifth Cause of Action**

1     i)  For compensatory damages and/or statutory penalties for inaccurate wage

2        statements according to proof;

3     ii)  For an order requiring Defendants to comply with Labor Code section

4        226(a); and

5     iii)  For prejudgment interest as permitted by law;

6   g) **On the Sixth Cause of Action**

7     i)  For restitution of all amounts wrongfully withheld from Plaintiff and the

8        Class Members; and

9     ii)  For prejudgment interest as permitted by law.

10   h) **On All Causes of Action**

11     i)  For judgment in favor of Plaintiff and the Class;

12     ii)  For reasonable attorney's fees and costs of suit; and

13     iii)  For such other and further relief as the Court deems just and proper.

14

15 Dated: March 13, 2023    **MAKAREM & ASSOCIATES, APLC**

16

17        By: *Daniel Bass*

          Ronald W. Makarem

18         Daniel J. Bass

         Attorneys for Plaintiff, individually

19         and on behalf of all others similarly situated

20

26       **DEMAND FOR JURY TRIAL**

22  Plaintiff and the Class Members request a jury trial in this matter.

23 Dated: March 13, 2023    **MAKAREM & ASSOCIATES, APLC**

24

25        By: *Daniel Bass*

          Ronald W. Makarem

26         Daniel J. Bass

         Attorneys for Plaintiff, individually

27         and on behalf of all others similarly situated

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Ronald W. Makarem, Esq. (SB#180442) Daniel J. Bass, Esq. (SB # 287466)
11601 Wilshire Boulevard, Suite 2440, Los Angeles, California 90025-1760

TELEPHONE NO: (310) 312-0299       FAX NO. *(Optional):* (310) 312-0296
E-MAIL ADDRESS: makarem@law-rm.com; bass@law-rm.com
ATTORNEY FOR *(Name):* Plaintiffs CHRISTINE TORRES-BOYD

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
03/13/2023 at 10:12:24 AM
By: Xian-xii Bowie,
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: René C. Davidson Courthouse

CASE NAME:
CHRISTINE TORRES-BOYD v. THYSSENKRUPP SUPPLY CHAIN,SERVICES, etc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) / [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder / Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 23CV029199 |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [x] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [x] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 6
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: March 13, 2023

Daniel J. Bass
_____
(TYPE OR PRINT NAME)

▶ *Daniel Bass*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courts.ca.gov |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ] [ Save this form ]    [ Clear this form ]

EXHIBIT B

1  Gregory G. Iskander, Bar No. 200215
   giskander@littler.com
2  Chad D. Greeson, Bar No. 251928
   cgreeson@littler.com
3  Nicholas Gioiello, Bar No. 318418
   ngioiello@littler.com
4  LITTLER MENDELSON, P.C.
   Treat Towers
5  1255 Treat Boulevard
   Suite 600
6  Walnut Creek, California  94597
   Telephone:    925.932.2468
7  Fax No.:    925.946.9809

8  Attorneys for Defendants
   THYSSENKRUPP SUPPLY CHAIN SERVICES NA,
9  INC. AND THYSSENKRUPP LOGISTICS, INC.

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**04/12/2023 at 05:08:34 PM**
By: Angela Linhares,
Deputy Clerk

10                SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                            COUNTY OF ALAMEDA

12

13  CHRISTINE TORRESS-BOYD, individually    Case No.  23CV029199
14  and on behalf of all others similarly situated,
                                            **JOINT ANSWER TO PLAINTIFF'S**
15              Plaintiff,                   **COMPLAINT FOR DEFENDANTS**
                                            **THYSSENKRUPP SUPPLY CHAIN**
16        v.                                **SERVICES NA, INC. AND**
                                            **THYSSENKRUPP LOGISTICS, INC**.
17  THYSSENKRUPP SUPPLY CHAIN
    SERVICES NA, INC., a Michigan Corporation;  ASSIGNED FOR ALL PURPOSES TO
18  THYSSENKRUPP LOGISTICS, INC., a         JUDGE BRAD SELIGMAN, DEPT. 23
    Delaware Corporation; and DOES 1-20,
19  inclusive,
                                            Complaint Filed:   March 13, 2023
20              Defendants.

21

22        Defendants   THYSSENKRUPP   SUPPLY   CHAIN   SERVICES   NA,   INC.   and

23  THYSSENKRUPP  LOGISTICS,  INC.  (collectively,  "Defendants"),  hereby  jointly  answer  the

24  Complaint of Plaintiff CHRISTINE TORRESS-BOYD ("Plaintiff") as follows:

25                            **GENERAL DENIAL**

26        Pursuant to Code of Civil Procedure section 431.30, Defendants generally and specifically

27  deny (i) each and every allegation of Plaintiff's Complaint, (ii) that Plaintiff and/or any alleged

28  punitive  class  members  have  been  damaged/injured/harmed  in  any  way  whatsoever,  (iii)  that

LITTLER MENDELSON,
P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

JOINT ANSWER TO PLAINTIFF'S COMPLAINT

Plaintiff and/or any punitive class members are entitled to any relief in any amount or manner whatsoever from Defendants, and (iv) that Plaintiff and/or any putative class members sustained injury, damage, detriment, harm, or loss by reason of any conduct, action, error, or omission on the part of Defendants or any agent, employee, or other person acting under Defendants' authority or control. This general and specific denial of the Complaint is filed without prejudice to Defendants' right to file amended answers, including additional defenses.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative and other defenses, which they designate, collectively, as "affirmative defenses." Defendants' designation of their defenses as "affirmative" is not intended in any way to alter Plaintiff's burden of proof with regard to any element of any causes of action. Defendants do not presently know all the facts concerning Plaintiff's conduct sufficient to state all defenses at this time. Defendants will seek leave of this Court to amend this Answer should they later discover facts demonstrating the existence of additional defenses. Subject to and without waiving the foregoing, and without waiving Plaintiff's burden to show otherwise, Defendants plead as follows:

### FIRST AFFIRMATIVE DEFENSE

### Failure to State a Claim

1.     The Complaint, and each and every cause of action alleged therein, fails, in whole or in part, to state facts sufficient to constitute a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### Statute of Limitations

2.     The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, by the applicable statute(s) of limitations, including, but not limited to, Code of Civil Procedure sections 338(a), 340 and 34, and California Business & Professions Code section 17208.

### THIRD AFFIRMATIVE DEFENSE

### *Res Judicata* and Collateral Estoppel

3.     The Complaint, and each and every cause of action alleged therein, is barred by the

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

2

JOINT ANSWER TO PLAINTIFF'S COMPLAINT

doctrines of collateral estoppel and/or res judicata to the extent that Plaintiff and/or some or all of the putative class members have litigated issues raised by the Complaint prior to adjudication of those issues in the instant action.

**FOURTH AFFIRMATIVE DEFENSE**

**Prior Release**

4.      The Complaint, and each and every cause of action alleged therein, is barred to the extent that Plaintiff and/or some or all of the putative class members have released Defendants from any liability as alleged in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

**Defendant Not the Employer**

5.      The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because Plaintiff and/or some or all of the putative class members were not employed by Defendants.

**SIXTH AFFIRMATIVE DEFENSE**

**Avoidable Consequences – Failure to Mitigate**

6.      The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, by the doctrine of avoidable consequences because Plaintiff and/or some or all of the putative class members could have taken reasonable steps to avoid or mitigate the damages claimed, such as by reporting any unpaid work time and/or unpaid wages and/or timely reporting any inability to take a rest break. Their failure bars and/or diminishes any recovery against Defendants.

**SEVENTH AFFIRMATIVE DEFENSE**

**Secretive Work**

7.      The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because the work of Plaintiff and/or some or all of the putative class members was voluntary in nature and performed without Defendants' knowledge or authorization, they deliberately prevented Defendants from acquiring knowledge of the hours worked, and/or Defendants were otherwise unaware of the hours they worked.

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

3

JOINT ANSWER TO PLAINTIFF'S COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EIGTH AFFIRMATIVE DEFENSE

### No Hours Worked

8.    The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because the time alleged by Plaintiff and/or some or all of the putative class members does not constitute "hours worked" within the meaning of state law.

## NINTH AFFIRMATIVE DEFENSE

### *De Minimis*

9.    The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because any work of Plaintiff and/or some or all of the putative class members beyond their compensated workday or workweek was *de minimis*.

## TENTH AFFIRMATIVE DEFENSE

### Accord and Satisfaction/Full Performance

10.    The Complaint, and each and every cause of action alleged therein, fails because Plaintiff and/or some or all of the putative class members have been fully paid all amounts legally owed by Defendants, and by accepting the payments made to them, they have effectuated an accord and satisfaction of their claims.

## ELEVENTH AFFIRMATIVE DEFENSE

### No Private Right of Action

11.    The Complaint, and each and every cause of action alleged therein, is barred as there is no private right of action for such claims.

## TWELFTH AFFIRMATIVE DEFENSE

### No Irreparable Harm

12.    The Complaint, and each and every cause of action therein, is barred in whole or in part, as Plaintiff and/or some or all of the putative class members have not suffered and will not suffer irreparable harm because of any of the alleged conduct of Defendants, and on that basis, there is no entitlement to injunctive or other relief.

///

///

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

4

JOINT ANSWER TO PLAINTIFF'S COMPLAINT

1

**THIRTEENTH AFFIRMATIVE DEFENSE**

2

**No Standing for Injunctive Relief**

3       13.     Defendants allege that Plaintiff lacks standing to pursue any claims for injunctive or

4    declaratory relief on her behalf or on behalf of the Putative Class members because she was not

5    employed by Defendant thyssenkrupp Logistics, Inc.

6

**FOURTEENTH AFFIRMATIVE DEFENSE**

7

**Laches, Estoppel, Unclean Hands, Consent, Waiver, Release, and/or Unjust Enrichment**

8       14.     The Complaint, and each and every cause of action therein, is barred in whole or in

9    part by the doctrine(s) of laches, estoppel, unclean hands, consent, waiver, release, and/or unjust

10   enrichment.

11

**FIFTEENTH AFFIRMATIVE DEFENSE**

12

**Liquidated Damages, Costs, or Attorneys' Fees**

13      15.     The Complaint, and each and every cause of action alleged therein, fails to state a

14   claim for an award of liquidated damages, costs, or attorneys' fees under California Labor Code

15   sections 218.5, 226, 1194, 1194.2(a), and 2698 *et seq.*; Code of Civil Procedure section 1021.5;

16   California Business and Professions Code section 17200 *et seq.*; or any other basis.

17

**SIXTEENTH AFFIRMATIVE DEFENSE**

18

**Exhaustion**

19      16.     Plaintiff and/or the putative class members failed to properly exhaust all of the

20   applicable contractual, administrative, and/or statutorily required remedies prior to filing this

21   action, and that such failure bars this suit in whole or in part.

22

**SEVENTEENTH AFFIRMATIVE DEFENSE**

23

**Damages or Loss Proximately Cause by Plaintiff and/or Putative Class Members**

24      17.     Defendants allege that any damage or loss sustained by Plaintiff and/or the putative

25   class members was proximately caused by their own actions or inactions.

26

**EIGHTEENTH AFFIRMATIVE DEFENSE**

27

**Double Recovery**

28      18.     Defendants allege that, to the extent multiple penalties are sought for the same

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

5

1    alleged violations, such claims are barred by the prohibition on double recovery and would violate

2    Defendants' due process rights under the Fourteenth Amendment of the United States Constitution

3    and under the Constitution and laws of the State of California.

**NINETEENTH AFFIRMATIVE DEFENSE**

**Excessive Fines**

6        19.    Defendants allege that any claims of Plaintiff and/or the putative class members

7    seeking penalties or exemplary damages are barred, in whole or in part, because the imposition of

8    such damages in this case would violate the due process and excessive fines clauses in violation of

9    the Eighth and Fourteenth Amendments of the United States Constitution and Article 1, sections 7

10    and 8 of the California Constitution, including the prohibition against excessive fines and

11    punishment. *See Timbs v. Indiana*, 139 S.Ct. 682, 2019 WL 691578 (U.S. Feb. 20, 2019) (Excessive

12    Fines Clause of the Eighth Amendment prohibits the government from imposing "excessive fines"

13    as punishment); *United States v. Mackby*, 261 F.3d 821, 830 (9th Cir. 2001) (civil sanctions under

14    False Claims Act should be analyzed under "the Excessive Fines Clause because the sanctions

15    represent a payment to the government, at least in part, as punishment."); *City & Cty. of San*

16    *Francisco v. Sainez*, 77 Cal. App. 4th 1302, 1321 (2000) (applying the prohibition of excessive

17    fines to penalties imposed under California's Building Code: "The law is settled that a civil penalty

18    such as the one here, by virtue of its partially punitive purpose, is a fine for purposes of the

19    constitutional protection.")

**TWENTIETH AFFIRMATIVE DEFENSE**

**Abstention**

22        20.    Defendants allege that the Complaint cannot be maintained against them to the

23    extent Plaintiff and/or the putative class members secreted or absented themselves to avoid payment

24    of wages, thereby relieving Defendants of any liability for penalties predicated on Labor Code

25    sections 203 and/or 210.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**Breach of Duties**

28        21.    Defendants are informed and believe that a reasonable opportunity for investigation

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

6

and discovery will reveal, and on that basis allege, that the Complaint, and each purported cause of action therein, are barred by breaches of duties that Plaintiff and/or the putative class members, owed to Defendants under Labor Code sections 2853, 2854, 2856, 2857, 2858 and 2859.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### Substantial Compliance

22.    Defendants allege that even assuming arguendo, Defendants failed to comply with any provision of the Labor Code, Defendants' substantial compliance renders an award of civil penalties inappropriate under the circumstances, including civil penalties pursuant to the Wage Order and Labor Code. For the same reason, should the Court find that a violation of the Labor Code occurred, and such violation gives rise to potential penalties, the Court must exercise its discretion and significantly discount or eliminate any potential penalties owed by Defendants due to its good faith efforts to comply with the Labor Code and/or substantial compliance with the Labor Code.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### Reasonable Belief of Compliance of Law

23.    Defendants allege that any violation of the Labor Code or an Order of the Industrial Welfare Commission was an act or omission made in good faith and Defendants had reasonable grounds for believing that its policies and practices complied with applicable laws and that any such act or omission was not a violation of the Labor Code or any Order of the Industrial Welfare Commission such that there is no entitlement to any damages.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### Rest Breaks and Meal Periods– Failure to Follow Instructions

24.    To the extent, if any, that Plaintiff and/or some or all of the putative class members did not take rest breaks and/or meal periods, it was the result of their failure to follow Defendants' reasonable instructions.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### Rest Breaks and Meal Periods – Provided

25.    Any rest period and/or meal period claims fail, in whole or in part, because Plaintiff

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

and/or the putative class members were provided with and/or authorized and permitted to take all legally required rest breaks and/or meal periods.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

#### Rest Breaks and Meal Periods – Voluntarily Skipped

26.     Any rest period and/or meal period claims fail, in whole or in part, because Plaintiff and/or the putative class members voluntarily skipped, shortened, or waived rest breaks and/or meal periods.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

#### Cal. Lab. Code § 1197 – Minimum Wages – Compliance

27.     The claims of Plaintiff and/or the putative class members for unpaid minimum wages are barred, either in whole or in part, because Defendants at all times paid them at minimum wage or above.

### TWENTY-EIGHT AFFIRMATIVE DEFENSE

#### Cal. Lab. Code § 510 – Overtime Wages – Compliance

28.     The claims of Plaintiff and/or the putative class members for unpaid overtime are barred, in whole or in part, because Defendants paid them overtime in compliance with California law.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

#### Wage Statements – Not Knowing and Intentional

29.     Any claims for penalties pursuant to Labor Code section 226 are barred, in whole or in part, because Plaintiff and/or the putative class members were not "injured" thereby and/or because Defendants' alleged failure to comply with California Labor Code section 226(a) was not a "knowing and intentional failure" under California Labor Code § 226(e).

### THIRTIETH AFFIRMATIVE DEFENSE

#### Wage Statements – Good Faith Belief

30.     Defendants acted with a reasonable and good faith belief that it complied with their obligations, if any, under the California Labor Code, specifically including sections 226, 226.3, and 226.7 thereof, as to Plaintiff and/or the putative class members.

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

8

1   **THIRTY-FIRST AFFIRMATIVE DEFENSE**

2   **Wage Statements – Substantial Compliance**

3       31.    Any claims for penalties pursuant to Labor Code section 226 are barred, in whole

4   or in part, because Defendants substantially complied with all applicable laws, statutes, regulations,

5   and applicable Wage Orders.

6   **THIRTY-SECOND AFFIRMATIVE DEFENSE**

7   **Wage Statements – Lack of Injury**

8       32.    Plaintiff and/or the putative class members sustained no injury from any alleged

9   failure by Defendants to comply with Labor Code section 226.

10  **THIRTY-THIRD AFFIRMATIVE DEFENSE**

11  **No Class Action**

12      33.    The Complaint, and each and every cause of action set forth therein as a

13  representative or class action, fails because: (a) common issues of fact or law do not predominate,

14  rather, to the contrary, individual issues predominate; (b) Plaintiff's claims are not representative

15  or typical of the claims of the putative class members; (c) Plaintiff and the putative class counsel

16  are not adequate representatives for the putative class; and/or (d) a well-defined community of

17  interest in the questions of law and/or fact affecting Plaintiff and the putative class members does

18  not exist.

19  **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

20  **Class – Lack of Standing**

21      34.    The Complaint cannot proceed as a class action or representative action on any of

22  the causes of action alleged, including under California Business and Professions Code section

23  17200, et seq. because Plaintiff and some or all of the Putative Class lack standing to bring this

24  action.

25  ///

26  ///

27  ///

28  ///

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

9

JOINT ANSWER TO PLAINTIFF'S COMPLAINT

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

#### Class – Lack of Manageability

35.    The Complaint, and each and every cause of action alleged therein, or some of them, cannot proceed as a class because of difficulties likely to be encountered that render the action unmanageable.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

#### Class – Violation of Due Process

36.    Certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Defendants' Due Process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

#### Class Action – Class Definition

37.    The proposed class definitions in the Complaint are vague and overly broad, and otherwise fail to satisfy the requirements for maintaining a class action.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

#### Class Action – No Damages

38.    This case cannot be tried on a representative basis or with the use of statistical sampling consistent with due process because the use of representative evidence or statistical sampling would result in damages being awarded to those who have suffered no injury and have no legal right to damages.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

#### Arbitration – Exclusive Remedy

39.    The Complaint, and each and every cause of action alleged therein, fails, in whole or in part, to the extent Plaintiff and/or some or all of the putative class members contracted to submit all claims against Defendants to binding arbitration, and, therefore, Plaintiff's and/or some or all of the putative class members exclusive remedy is through final and binding arbitration.

///

///

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

10

JOINT ANSWER TO PLAINTIFF'S COMPLAINT

1

**Additional Defenses**

2        40.        Defendants hereby reserve the right to assert any affirmative or additional defenses

3    they discover during the course of this litigation and prays that the Court afford them leave to amend

4    their Answer and upon a timely motion requesting the ability to do the same.

5

6

7    Dated:  April 12, 2023

8                                                                LITTLER MENDELSON, P.C.

9

10                                                              _____
                                                                Gregory G. Iskander
11                                                              Chad D. Greeson
                                                                Nicholas Gioiello
12
                                                                Attorneys for Defendants
13                                                              THYSSENKRUPP SUPPLY CHAIN
                                                                SERVICES NA, INC. AND
14                                                              THYSSENKRUPP LOGISTICS, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

11

JOINT ANSWER TO PLAINTIFF'S COMPLAINT

## **PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Treat Towers, 1255 Treat Boulevard, Suite 600, Walnut Creek, California 94597. On April 12, 2023, I served the within document(s):

**JOINT ANSWER TO PLAINTIFF'S COMPLAINT FOR DEFENDANTS THYSSENKRUPP SUPPLY CHAIN SERVICES NA, INC. AND THYSSENKRUPP LOGISTICS, INC**.

☐    by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 925.946.9809. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☐    by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Walnut Creek, California addressed as set forth below.

☐    by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒    Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is gcamacho@littler.com.

MAKAREM & ASSOCIATES APLC      *Attorneys for Plaintiff*
Ronald W. Makarem, Esq.                 *Christie Torres-Boyd*
makarem@law-rm.com
Alexis C. Hames, Esq.
hames@law-rm.com
clerks@law-rm.com
11601 Wilshire Boulevard, Suite 2440
Los Angeles, California 90025-1760
Phone: (310) 312-0299
Fax: (310) 312-0296

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

12

JOINT ANSWER TO PLAINTIFF'S COMPLAINT

1      I am readily familiar with the firm's practice of collection and processing

2  correspondence for mailing and for shipping via overnight delivery service. Under that practice it

3  would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

4  deposited in an overnight delivery service pick-up box or office on the same day with postage or

5  fees thereon fully prepaid in the ordinary course of business.

6      I declare that I am employed in the office of a member of the bar of this court at

7  whose direction the service was made. Executed on April 12, 2023, at Walnut Creek, California.

8

9

10                                          *Gina Camacho*

11                                          Gina R. Camacho

12  4858-9152-6749.1 / 078056-1159

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

13

JOINT ANSWER TO PLAINTIFF'S COMPLAINT

EXHIBIT C

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp<br>**FILED**<br>Superior Court of California<br>County of Alameda<br>**03/13/2023**<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: ⟨signature⟩ Deputy<br>X. Bowie |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | |
| PLAINTIFF:<br>Christine Torres-Boyd | |
| DEFENDANT:<br>Thyssenkrupp Supply Chain Services NA, Inc., a Michigan Corpora | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>23CV029199 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

| | |
|---|---|
| Date: 07/11/2023 | Time: 8:30 AM    Dept.: 23 |
| Location: Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | |

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA CIV-100 [Rev. 10/2021]

**NOTICE OF**
**CASE MANAGEMENT CONFERENCE**

| SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>03/13/2023<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>X. Bowie |
| PLAINTIFF/PETITIONER:<br>Christine Torres-Boyd | |
| DEFENDANT/RESPONDENT:<br>Thyssenkrupp Supply Chain Services NA, Inc., a Michigan Corporation et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>23CV029199 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Danie Joseph Bass
Makarem & Associates, APLC
11601 Wilshire Blvd. , 2440
Los Angeles, CA 90025

Chad Finke, Executive Officer / Clerk of the Court

Dated: 03/14/2023                    By:

X. Bowie, Deputy Clerk

**CERTIFICATE OF MAILING**



# Superior Court of California, County of Alameda
# Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial.  You may choose ADR by:
>
> - Indicating your preference on Case Management Form CM-110;
>
> - Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or
>
> - Agree to ADR at your Initial Case Management Conference.
>
> **QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
> Or visit the court's website at http://www.alameda.courts.ca.gov/adr

## What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

## What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

## What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

    o **Court Mediation Program:** Mediators do not charge fees for the first two hours of mediation.  If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o **Private Mediation**: This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

o **Judicial Arbitration Program** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
1968 San Pablo Avenue, Berkeley, CA  94702-1612
Telephone: (510) 548-2377    Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – Services that Encourage Effective Dialogue and Solution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA  94550
Telephone: (925) 373-1035    Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA  94607
Telephone: (510) 768-3100    Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

**ALA ADR-001**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | **FOR COURT USE ONLY** |

TELEPHONE NO.:                          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY**

STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| | |
|---|---|
| **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | CASE NUMBER: |

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1. Date complaint filed: _____. An **Initial Case Management Conference** is scheduled for:

   Date:                          Time:                          Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process (check one):

   ☐ Court mediation            ☐ Judicial arbitration
   ☐ Private mediation          ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:

   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____            ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PLAINTIFF)

Date:

_____            ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Page 1 of 2

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**
Cal. Rules of Court,
rule 3.221(a)(4)

ALA ADR-001

| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | CASE NUMBER.: |
|---|---|

Date:

_____     ▶ _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF DEFENDANT)

Date:

_____     ▶ _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)